**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| JTLE INVESTMENTS LLC (d.b.a. Hang Smart), | |
| Plaintiff, | |
| v. | |
| SHENZHEN HEROFUN BIO-TECH CO., LTD, dba HEROFUN US | Case No.: |
| Defendant. | |

## <u>COMPLAINT</u>

Plaintiff, JTLE Investments LLC, (hereinafter, "JTLE" or "Plaintiff"), hereby alleges as follows for it's complaint against Defendant SHENZHEN HEROFUN BIO-TECH CO., LTD dba HEROFUN US (hereinafter "HEROFUN US" or "Defendant"), as follows:

### <u>Introduction</u>

1. This is a civil action for patent infringement to combat an e-commerce store operator who trades upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use unauthorized and unlicensed products that infringe Plaintiff's patented design for a TV wall mount, U.S. Patent No. D887,255 S ("the Hang Smart Patent").

2. Plaintiff also brings this civil action seeking a declaratory judgment of validity and ownership of its intellectual property, including its patent, trademarks, and copyright protected creative materials.

3. The Hang Smart Patent is valid, subsisting, and in full force and effect. Plaintiff is the owner and lawful assignee of all right, title, and interest in and to the Hang Smart Patent, which

was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the Hang Smart Patent is attached hereto as Exhibit A.

4. The Defendant directly and/or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sell products infringing JTLE's Hang Smart Patent ("the infringing Products") in the United States, including in this Judicial District, and otherwise purposefully direct infringing activities to this district in connection with the Infringing Products. Upon information and belief, Defendant conducts this activity through multiple fully interactive commercial Internet e-commerce stores operating under online marketplace accounts ("Defendant's Internet Stores") on multiple e-commerce platforms including, but not limited to, Amazon.com ("Amazon").

5. The Infringing Products share unique identifiers, such as design elements, colors, packaging, marketing materials and other similarities between the Infringing Products offered for sale and the Plaintiff's patented product.

6. Defendant attempts to avoid liability by concealing both their identity and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendant's infringement of Plaintiff's patented design as well as to protect unknowing consumers from purchasing inferior Infringing Products over the Internet and damaging the Hang Smart brand's reputation.

7. As a result of Defendant's actions, Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing their patented design, and therefore seeks injunctive and monetary relief.

**PARTIES**

8.   Plaintiff, JLTE, is a limited liability company formed under the laws of Florida with a principal place of business in Florida. Plaintiff specializes in the development and marketing of its proprietary easy to install, stud-free, "do-it-yourself" TV wall mount device. In particular, the Hang Smart TV Wall Mount Hoodie is the world's first of its kind (Utility Patent Pending - filed on June 15, 2023) flat screen television installation device, that does not require wall studs, and is designed to accommodate almost any flat screen LED or curved Television. The Hang Smart TV mount caters to a wide range of popular TV brands and models, ensuring broad compatibility and user convenience. JTLE (d.b.a. Hang Smart) is the official source of the Hang Smart TV Wall Mount, pictured immediately below:



9.   On information and belief, Defendant resides and/or operates in the People's Republic of China with less robust intellectual property enforcement systems or work in concert with entities

based in such locations to redistribute and sell products from the same or similar sources. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

10.     Defendant conducts infringing acts through Amazon.com by operating one or more of the e-commerce stores. The Defendant targets consumers in the United States, including the Northern District of Illinois, and has offered to sell, has sold, and continues to sell products that violate Plaintiff's patent rights to consumers within the United States, including within the Northern District of Illinois. Defendant's store is located at Amazon URL: https://www.amazon.com/sp?seller=A1TQOXSVFW9QL4 and is identified as:

## Detailed Seller Information
**Business Name:** SHENZHEN HEROFUN BIO-TECH CO., LTD

11.     More and more infringing online sellers who offer identical infringing products are being discovered online daily. Online sellers are increasingly copying Plaintiff's patented product design, copyrights, trademarks, and trade dress due to its exponential growth in popularity. As such, Plaintiff shall seek to add additional defendants as the relevant facts and information come to light.

12.     Plaintiff is the owner and lawful assignee of all right, title, and interest in and to the Hang Smart Patent (Exhibit A).

| U.S. Patent Number | Claim | Issue Date |
|---|---|---|
| USD887255S |  | June 16, 2020 |

13. Since Hang Smart launched on June 30, 2022, the company has followed a defined strategy for positioning its brand, marketing, and promoting its novel product in its industry and to consumers and establishing distribution channels. Plaintiff's promotional efforts for the Hang Smart TV Wall Mount include, by way of example but not limitation, substantial print media and the https://hangsmart.com/ website, advertising campaigns on Google and Amazon, and social media advertising campaigns. The novel Hang Smart TV Wall Mount invention has been featured on both QVC and HSN television shopping networks, as well as in Forbes magazine. Plaintiff has expended substantial time, money, and other resources in advertising and otherwise promoting the Hang Smart.

14. Plaintiff has also invested significant resources in its proprietary marketing materials which it uses across of its authorized websites, including its website (see https://hangsmart.com/) as well as its Amazon.com product listings (see https://www.amazon.com/HangSmart-TV%C2%AE-Wall-Mount-Stud/dp/B0CP6H3VYT and https://www.amazon.com/HangSmart-TV%C2%AE-Wall-Mount-Stud/dp/B0CQ8QDNJQ?th=1) and its Amazon.com brand page (see: https://www.amazon.com/stores/HangSmartTV/page/8274AD00-FD18-4A29-8974-521E395BADD6?ref_=ast_bln).

### The Hang Smart® TV Wall Mount

15. The Hang Smart TV Wall Mount is manufactured, distributed, and sold to consumers throughout the world including the United States, and in Illinois by way of its exclusive rights to the patented design. Plaintiff's patented products are marketed, offered and sold on the https://hangsmart.com/ website, Amazon.com, the QVC, HSN television shopping networks, Walmart.com, Walmart retail stores, HomeDepot.com, and Lowes.com. Hang Smart is actively expanding its distribution to major national retail stores, including Home Depot and Lowe's. Hang Smart invests at least several thousands of dollars daily into its marketing efforts across Amazon.com, Facebook.com, TikTok.com, Instagram.com, Google.com, and Walmart.com.

16. As part of its strategy to position an impeccable reputation among consumers, Hang Smart has also invested thousands of dollars on extensive lab testing to obtain certifications from both UL Solutions and Intertek in order to ensure the Hang Smart brand products meet the highest high quality safety standards and regulations, as are often required by major national retail store chains. The Hang Smart brand name and reputation (protected by US trademark registrations 7363126 and 6297248; hereinafter "The Hang Smart Trademarks") assures consumers that their product meets the highest possible standards of safety and compliance.

17. The patented Hang Smart design has become enormously popular, driven by Plaintiff's arduous quality standards and innovative design for a TV Wall Mount. The Hang Smart TV Wall Mount is known for its distinctive design. This design is broadly recognized by consumers as being produced by and sourced from Plaintiff. Products fashioned after this design are associated with the quality, innovation, and safety standards that the public has come to expect from Hang Smart. Plaintiff uses this design, brand name, and all referenced intellectual property solely in connection with the Hang Smart brand device protected by the Hang Smart Patent.

**The Defendant**

18. Defendant is a business entity who resides in the People's Republic of China. Defendant conducts business throughout the United States including within Illinois and in this Judicial District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. The Defendant targets the United States, including Illinois, and has offered to sell and has sold and continues to sell infringing TV Wall Mounts that violate (at least) Plaintiff's exclusive patent rights to consumers within the United States, including Illinois and in this Judicial District.

**The Accused Product**

19. Defendant has and continues to make, sell and offer for sale an identical infringing product under the Brand name Benherofun ("Infringing Product" or "Infringing Products") (please see Exhibit B) in the United States and continue to import their infringing product into the United States. As shown below, the Infringing Product includes key features of and is substantially similar to the design claimed in the Hang Smart patent.

7

| Hang Smart Patent | Infringing Products |
|---|---|
|  | |

20.     An ordinary observer or purchaser would find the overall design of Hang Smart Patent and the Infringing Product substantially similar and mistakenly purchase the Infringing Product.

21.     Upon information and belief, Defendant has known of the existence of the Hang Smart Patent, brand, and product which is evidenced by the distinct similarities between the Infringing Product design, product function, packaging design, colors, images, descriptions, and marketing materials to the Hang Smart patented design, function (utility patent pending), trade dress, copyrights, and marketing materials.

22.     Defendant has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention and from benefitting from the Hang Smart brand name and reputation. By using the Hang Smart patent and trade dress without authorization, advertising, depicting, and describing the patented invention in the product descriptions of their Internet Stores, Defendant deceives and attracts unknowing Hang Smart customers to purchase substantially inferior

products, causing direct damage to Plaintiff through loss of sales, exponential increases in overhead and marketing costs, and severe damage to the carefully forged Hang Smart brand reputation.

### The Defendant's Unlawful Conduct

23.    The enormous success of the Hang Smart product has resulted in significant design patent infringement by Defendant, and many others.

24.    Plaintiff has identified Defendant's Internet Store which are linked to fully interactive websites and marketplace listings offering for sale, selling, and importing infringing TV Wall Mounts to consumers in this Judicial District and throughout the United States.

Amazon URL: https://www.amazon.com/sp?seller=A1TQOXSVFW9QL4

25.    Defendant has persisted in creating such online marketplaces and internet stores. In fact, such online marketplaces are estimated to receive millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price of goods seized by the U.S. government in fiscal year 2017 was over $1.2 billion. Internet websites like the Defendant's Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

26.    On personal knowledge and belief, Defendant facilitates sales by designing its Internet Stores, product designs, product packaging, and marketing materials so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling an authentic Hang Smart product in violation of Plaintiff's patent rights, trademark rights, and copyrights.

27.     The Defendant's Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, or PayPal. Defendant's Internet Stores includes images and design elements that make it very difficult for consumers to distinguish such Infringing sites and products from an authorized Hang Smart website.

28.     Plaintiff has not licensed or authorized Defendant to use the Hang Smart patent, trademarks, trade dress, or copyrights and Defendant is not an authorized or licensed manufacturer or retailer of the genuine Hang Smart Product.

29.     On personal knowledge and belief, Defendant deceives unknowing consumers by using the Hang Smart Patent, trademarks, trade dress, and copyrights without authorization, advertising, depicting, and describing the patented invention in the product descriptions of Defendant Internet Stores to attract Hang Smart's customers.

30.     On personal knowledge and belief, Defendant deceives unknowing consumers by using Plaintiff's Hang Smart Patent on the mount itself.



31.     On personal knowledge and belief, Defendant deceives unknowing consumers by using Plaintiff's color guide, design, style of mount, shape of mount, size of mount, same text on mount, and same writing on mount.



32.     On personal knowledge and belief, Defendant deceives unknowing consumers by using Plaintiff's Hang Smart Patent animation video for marketing purposes.



33.     On personal knowledge and belief, Defendant deceives unknowing consumers by using Plaintiff's Hang Smart Patent pressure test video, which shows a plexi board and greyscale weight.



34.     On personal knowledge and belief, Defendant is likely deceiving unknowing consumers by using unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for the genuine Hang Smart Product.

35.     Further, Defendant utilizes similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiff also seeks to disable the domain names owned and/or operated by Defendant that are the means by which the Defendant could continue to advertise and sell infringing TV Wall Mounts in this District.

36.     On information and belief, Defendant goes to great lengths to conceal their identities and often uses multiple fictitious names and addresses to register and operate a network of Internet Stores. For example, it is common practice for Infringing sellers and counterfeiters to register their Internet Stores with incomplete information, various brand names, various contact information, and various entity names, and with omitted or limited contact information.

37.     In addition, the Infringing Products for sale in the Defendant Internet Stores are nearly identical, or (at least) bear similarities and indicia of being related to one another, suggesting that the infringing products were manufactured by and come from a common source and that, upon information and belief, the Defendant are interrelated.

38.     The Defendant's Internet Stores also include other notable common features, including accepted payment methods, check-out methods, metadata, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, similar locations, and the use of the same or similar text and images.

39.     In addition, Defendant in this case, and Defendant in other similar cases against online design patent infringers, use a variety of other common tactics to evade enforcement efforts. For example, Infringing sellers like Defendant will often register new websites or online marketplace accounts under different business names once they receive notice of a lawsuit.[1]

40.     Infringing sellers and counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring cease and desist and take down demands sent by brand owners.[2]

41.     Infringing sellers and Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled

---

[1]     https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-about-counterfeit-goods-during (noting counterfeiters "are very adept at setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites") (last visited Sept. 1, 2023).

[2]     While discussed in the context of false pharma supply chains, rogue internet servers and sellers are a well-known tactic that have even been covered in congressional committee hearings. https://www.govinfo.gov/content/pkg/CHRG-113hhrg88828/html/CHRG-113hhrg88828.htm (last visited Sept. 1, 2023).

"explosive growth" in the number of small packages of Infringing and Counterfeit goods shipped through the mail and express carriers.

42.     Further, Infringing sellers and Counterfeiters such as Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite a Plaintiff's enforcement efforts.

43.     On personal knowledge and belief, Defendant maintain offshore bank accounts and regularly move funds from their PayPal accounts to offshore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

44.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the Hang Smart patent, trademarks, trade dress, or copyrights in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and Illinois over the Internet to sell products

45.     Defendant's Internet Store offers shipping to the United States, including Illinois (in this Judicial District) and, on information and belief, Defendant has offered to sell, and has sold, infringing Products into the United States, including Illinois (in this Judicial District).

46.     The Infringing Products are inferior and have not undergone safety and laboratory tests, as per UL regulations. Defendant's use of the Hang Smart Patent in connection with the advertising, distribution, offering for sale, and sale of inferior Infringing Products is likely to cause, and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

47.     Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendant had knowledge of Plaintiff's ownership of the Hang Smart Patent, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Hang Smart brand and product, and in bad faith proceeded to manufacture, market, develop, offer to be sold, and/or sell the Infringing Products.

48.     Defendant has been notified of their illegal and infringing activities but ignored these attempts and continued to engage in the illegal counterfeiting, infringing, and malicious actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff.

## FIRST CAUSE OF ACTION
## DESIGN PATENT INFRINGEMENT (35 U.S.C. §271)

49.     Plaintiff hereby repeats and incorporates by reference herein the allegations set forth in the preceding paragraphs of this Complaint.

50.     Defendant is and has been making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use, without authority, Products that infringe directly and/or indirectly the Hang Smart patent in violation of 35 U.S.C. § 271(a).

51.     A comparison of figures from Plaintiff's Hang Smart and images of Defendant's Infringing Products sold on a Defendant's Internet Stores is included herein.

52.     Defendant's activities constitute willful patent infringement under 35 U.S.C. §271.

53.     Defendant has infringed the Plaintiff's Hang Smart Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude

others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

54.     Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. §§ 284 and 289, including Defendant's profits.

<u>**SECOND CAUSE OF ACTION**</u>

**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

55.     Plaintiff hereby repeats and incorporates by reference herein its allegations set forth in the preceding paragraphs of this Complaint.

56.     Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff.

57.     By using the Hang Smart Patent, trademarks, trade dress, or copyrights in connection with the sale of their Infringing Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

58.     Defendant's conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public under 15 U.S.C. §§ 1114, 1125.

59.     Plaintiff has no adequate remedy at law, and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputation and the goodwill of their brand.

**THIRD CAUSE OF ACTION**

**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510/1, *et seq.*)**

60.     Plaintiff hereby repeats and incorporates by reference herein the allegations set forth in the preceding paragraphs of this Complaint.

61.     Plaintiff has not licensed or authorized Defendant to make, use, offer, sell, or import products using their Hang Smart Patent, and none of the Defendant are authorized to use Plaintiffs patented invention, trademarks, trade dress, or copyrights.

62.     Defendant knowingly and intentionally trades upon Plaintiff's exclusive rights, reputation, and goodwill by selling and/or offering for sale products using Plaintiff's Hang Smart Patent trademarks, trade dress, and copyrights.

63.     Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff.

64.     Defendant knew, or should have known, that its manufacture, promotion, marketing, offering for sale, and sale of Infringing Products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

65.     On information and belief, Defendant's conduct is willful and intentional as Defendant attempts to avoid liability by concealing its identity, using fictitious names and addresses to register and operate their Infringing Defendant Internet Stores.

66.     Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to their reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## FOURTH CAUSE OF ACTION
### DECLARATORY JUDGMENT FOR OWNERSHIP, VALIDITY, AND NON-INFRINGEMENT OF HANG SMART INTELLECTUAL PROPERTY

67.     Plaintiff incorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

68.     Plaintiff is the exclusive owner of the patented design for a TV wall mount, U.S. Patent No. D887,255 S ("the Hang Smart Patent"). Plaintiff has a legal and tangible interest in the Patented works and the full Patented Works.

69.     Plaintiff is the author, owner and exclusive rights holder of the Copyrighted Works, including all product images, product descriptions, videos, product packaging designs, product manuals, and product inserts displayed on its website and its Amazon.com product pages.  ALL

    a. Hang Smart website URL:

        https://hangsmart.com/

    b. Amazon.com ASIN B0CP6H3VYT URL:

        https://www.amazon.com/HangSmart-TV%C2%AE-Wall-Mount-Stud/dp/B0CP6H3VYT

    c. Amazon.com ASIN B0CQ8QDNJQ URL:

        https://www.amazon.com/HangSmart-TV%C2%AE-Wall-Mount-Stud/dp/B0CQ8QDNJQ?th=1

    d. Amazon.com brand page URL:

        https://www.amazon.com/stores/HangSmartTV/page/8274AD00-FD18-4A29-8974-521E395BADD6?ref_=ast_bln

70.     Plaintiff is the owner and exclusive rights holder of the Hang Smart Trademarks used in connection with the Hang Smart Patent and copyright protected works.

18

    a.   US trademark Registration Number 7363126 (Exhibit D)

    b.   US trademark Registration Number 6297248 (Exhibit E)

71.    Defendant is using Plaintiff's patent, trademarks, trade dress, and copyrights without authorization, placing it on unauthorized websites, and using Plaintiff's own intellectual property to file false takedown notices wrongfully alleging copyright against the Plaintiff on Amazon.com. As a result of Defendant's bad acts, Plaintiff has suffered loss of sales, loss of internet sales ranking, severe financial harm, degradation of its relationship with Amazon, and irreparable harm to its business.

72.    Defendant is not authorized to use the Hang Smart Patent, trademarks, trade dress, or copyrights, nor do they own any intellectual property relative thereto, but continue to falsely assert that Plaintiff is infringing its own copyrights.

73.    Plaintiff is entitled to a declaratory judgment for intellectual property ownership and validity, as well as non-infringement, for its own intellectual property, which Defendant have repeatedly used to harm Plaintiff following the existing controversy relative to Patent infringement.

74.    Plaintiff is entitled to a declaratory judgment for non-infringement of its own Hang Smart patent, trademarks, trade dress, and copyrights referenced herein to prevent Defendant from using same to its benefit.

75.    Plaintiff is entitled to a declaratory judgment stating that the Hang Smart patent, trademarks, trade dress, and copyrights are valid and are the exclusive rights of Plaintiff to prevent Defendant from using same to its benefit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant and each of them as follows:

1. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff that include any reproduction, copy, or colorable imitation of the design claimed in the Hang Smart Patent;

    b.  passing off, inducing, or enabling others to manufacture, sell, or pass off any product as the genuine Hang Smart product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under its exclusive rights to use the Hang Smart Patent;

    c.  committing any acts calculated to cause consumers to believe that Defendant's Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.  further infringing the Hang Smart Patent;

    e.  otherwise competing unfairly with Plaintiff in any manner;

    f.  shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold

20

or offered for sale, and which copy or use the Hang Smart Patent, or any colorable imitations thereof;

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning any online marketplace account

h.  s, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendant could continue to sell Infringing Products; and

i.  operating and/or hosting online marketplace accounts at the Defendant Internet Stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying the Hang Smart Patent design or any reproduction, counterfeit or infringing copy, or colorable imitation thereof, that is not authorized by Plaintiff.

2.  Entry of an Order that any online marketplace account provider:

a.  disable and cease providing services for any accounts through which Defendant engage in the sale of Infringing Products, including any accounts associated with the Defendant;

b.  disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of Infringing Products; and

c.  take all steps necessary to prevent links to the Defendant Internet Stores from displaying in search results for Hang Smart products, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3.  That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged.

4. That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for Defendant's infringement of the Hang Smart Patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284;

5. That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of Plaintiff's Hang Smart Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

6. In the alternative, that Plaintiff be awarded all profits realized by Defendant from Defendant's infringement of Plaintiff's Hang Smart Patent, pursuant to 35 U.S.C. § 289;

7. That Plaintiff be awarded its reasonable attorneys' fees and costs;

8. A judgment in favor of Plaintiff and against the Defendant declaring Hang Smart's rights as follows:

    a. Hang Smart is the sole owner of valid U.S. Patent No. D887,255 S ("the Hang Smart Patent");

    b. Plaintiff owns the following valid Copyrighted Works, including all product images, product descriptions, videos, product packaging designs, product manuals, and product inserts displayed on its website and its Amazon.com product pages, contrary to any assertions by other third parties:

        i. Hang Smart website URL:

        https://hangsmart.com/

        ii. Amazon.com ASIN B0CP6H3VYT URL:

        https://www.amazon.com/HangSmart-TV%C2%AE-Wall-Mount-Stud/dp/B0CP6H3VYT

   iii.  Amazon.com ASIN B0CQ8QDNJQ URL:

      https://www.amazon.com/HangSmart-TV%C2%AE-Wall-Mount-

      Stud/dp/B0CQ8QDNJQ?th=1

   iv.  Amazon.com brand page URL:

      https://www.amazon.com/stores/HangSmartTV/page/8274AD00-FD18-

      4A29-8974-521E395BADD6?ref_=ast_bln

c.  Plaintiff solely owns the valid registered Trademarks used in connection with the

    Hang Smart Patent and copyright protected works as follows:

     i.  US trademark Registration Number 7363126 (Exhibit D)

    ii.  US trademark Registration Number 6297248 (Exhibit E)

9.  A judgment in favor of Plaintiff and against the Defendant declaring that Hang Smart has

not infringed the Hang Smart Patent, trademarks, trade dress, and copyrights; and

10. Any and all other relief that this Court deems just and proper.

Dated: February 27, 2025                         Respectfully submitted,

                                    /s/ Cory Jay Rosenbaum
                                    (electronically signed)
                                    C.J. Rosenbaum, Esq
                                    Rosenbaum & Segall, P.C.
                                    122 South Michigan Avenue
                                    Suite 1390
                                    Chicago, Illinois 60603
                                    CJR@AmazonSellersLawyer.com
                                    212-256-1109
                                    NYS Bar #2669133