UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JTLE Investments LLC,<br>    Plaintiff<br><br>    v.<br><br>Shenzhen Herofun Bio-Tech Co., LTD,<br>    Defendant | No. 25-cv-02061<br><br>Judge Jeremy C. Daniel |

### ORDER

The plaintiff's motion for a temporary restraining order [3] is denied because the plaintiff has not shown that it is likely to succeed on either its patent or copyright infringement claim. Rule to show cause hearing set for March 20, 2025, at 9:30 a.m. Plaintiff's counsel must appear, in person, to show cause why the conduct specifically described below concerning the plaintiff's copyright claim has not violated Fed. R. Civ. P. 11(b).

### STATEMENT

The complaint alleges that the defendant infringes U.S. Patent No. D887,255, creates a false designation of origin under the Lanham Act "by using the [plaintiff's] trademarks, trade dress, or copyrights in connection with the sale of their Infringing Products," violates the Illinois Uniform Trade Deceptive Trade Practices Act, and seeks a declaratory judgment of the ownership, validity, and non-infringement. (R. 1.) The plaintiff seeks a temporary restraining order. (R. 3.) The plaintiff's brief does not address its likelihood of success on the merits. (R. 3-1.)

At the motion hearing, the Court asked the plaintiff to identify the legal claims that warrant a temporary restraining order. Plaintiff's counsel responded that the defendant's alleged patent infringement and copyright infringement justified a temporary restraining order. The Court further asked the plaintiff to identify the evidence in the record that establishes the plaintiff's likelihood of success on the merits.

For the plaintiff's copyright allegations, the plaintiff identified paragraph 12 of a declaration submitted by Nir Edri. (R. 3-2.) That declaration states, "They further copied our animation video and are using it for marketing purposes which deceives customers as they believe they are buying our product. The Defendant has also copied our 'pressure test' video showing a plexi board and the same grayscale weight. This

Defendant has basically copied everything to do with our marketing & design of our product, which is our original creation, materials, assets, designs, and more." (R. 3-2 at 3.) Plaintiff's counsel also referred to paragraphs 31 through 33 of the complaint, which include screenshots of videos posted online. (R. 1 at 10-12.)

There are several problems with the plaintiff's copyright claim. As a threshold matter, when asked, plaintiff's counsel could not confirm whether the plaintiff has registered any of the asserted copyrights. "Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (quoting 17 U.S.C. § 411).

Fed. R. Civ. P. 11(b) states, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." When asserting a copyright claim, the Court expects counsel to know whether the asserted copyright has been registered. The current record, which includes the asserted patent and several trademark registrations, does not include a copyright registration. Plaintiff's counsel must answer whether the asserted copyright(s) have been registered at the rule to show cause hearing. If they have not, then plaintiff's counsel must explain how its assertion of a copyright claim in this case comports with Rule 11.

Further, the complaint alleges that, "[b]y using the Hang Smart Patent, trademarks, trade dress, or copyrights in connection with the sale of their Infringing Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products." This allegation appears under Count II, which the plaintiff styled as a false designation of origin claim under 15 U.S.C. § 1125(a). Plaintiff's counsel must explain how the defendant's alleged use of the plaintiff's copyright gives rise to a claim under the Lanham Act.

The next problem with the plaintiff's copyright claim is that, even if the plaintiff could assert a copyright claim because it has registered the asserted copyright(s), the record does not establish a likelihood of success on the merits. The conclusory statements in Nir Edri's declaration do not meet the plaintiff's burden. This is true whether viewed alone or in conjunction with the screenshots in the complaint. Those screenshots show the accused product, which leads the Court to conclude that these are the defendant's videos. The plaintiff has not provided any evidence of its videos. Without evidence concerning the plaintiff's copyright, the Court cannot evaluate the extent to which the defendant has, as plaintiff's counsel put it, "stolen or duplicated" the plaintiff's copyright-protected videos. And the Court declines to simply take Nir Edri's word for

2

it, particularly where the declaration, the complaint, and plaintiff's counsel failed to clearly articulate a theory of copyright infringement.

As it stands, the plaintiff contends that the defendant created marketing materials similar to the plaintiff's in that both show how to mount a product using a paper template and both show the mounted product with a scale affixed (presumably to show the product's load strength). The declaration does not contend that the template shown in the defendant's video violates the plaintiff's copyright. Rather, the declaration essentially claims that the defendant used the same methods as the plaintiff to show how to install and demonstrate the abilities of its product. "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 886 (7th Cir. 2021)(quoting 17 U.S.C. § 102). No other evidence compares the defendant's videos to the plaintiff's videos. Plaintiff's counsel must identify what the plaintiff alleges the defendant has copied and, if no more than the methods or ideas behind the video, as opposed to using portions of the plaintiff's actual video or some other colorable infringement allegation, how the plaintiff's copyright claim comports with Rule 11.

With respect to the plaintiff's patent allegations, the asserted patent and the accused product have substantially different appearances. "Under the 'ordinary observer' test, an accused product infringes a design patent if 'in the eye of an ordinary observer . . . two designs are substantially the same,' such that "the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1338 (Fed. Cir. 2019). When asked to explain how the two are similar, plaintiff's counsel stated that "the mounts actually mounts to the wall with the design shape, the hook that holds the TV itself, that this was - - these two products are just very similar in nature." This argument disregards the fact that, "[d]ifferences, however, must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

As whole, here is the claimed design next to the accused product:



The claimed design has a top portion with an overall circular shape that has three half-circular cutouts and a lower portion with two more circular cutouts leading to a central support.[1] The accused product is far more angular, with a top portion that has a slightly rounded ridge with protruding triangular shapes on each side that lead to an octagonal shaped lower portion with a central support at the base. Given these differences, which ae plain, the plaintiff has not shown that an ordinary observer would view the two as substantially the same.

For these reasons, the plaintiff's motion for a temporary restraining order is denied.

Date: March 6, 2025

JEREMY C. DANIEL
United States District Judge

---

[1] This is not a claim construction; it's merely a description.

4