

**Rosenbaum & Segall, P.C.**
AmazonSellersLawyer.com

780 Long Beach Blvd., Long Beach, NY 11561
**Phone:** 212-256-8499
**Skype/ WeChat:** AmazonSellersLawyer
www.AmazonSellersLawyer.com

## March 27, 2024

Honorable Judge Jeremy C. Daniel
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

Re:     *JTLE Investments LLC v. Shenzhen Herofun Bio-Tech Co., LTD*; Case No. 1:25-cv-02061

Honorable Judge Daniel,

The undersigned represents Plaintiff JTLE Investments, LLC ("JTLE") in the above referenced matter. Pursuant to this Court's direction, Plaintiff files this supplemental letter memorandum explaining the propriety of this copyright infringement action per DE 15. Plaintiff's copyright application is pending with the U.S. Copyright Office, as fully set forth below.  For the following reasons, JTLE requests that the Court permit Plaintiff's action to move forward.

On or around August 23, 2024, Attorney Kaustubh Nadkarni, a board certified intellectual property lawyer and registered patent attorney, filed a copyright application with the U.S. Copyright Office for a work titled "Hang Smart Color Guide." *See* Nadkarni's Declaration, filed at DE 16, ("Decl.") specifically  ¶¶ 3, 5. On January 3, 2025, the U.S. Copyright Office issued a Refusal of Registration. *Id.* ¶¶ 6. In response, Attorney Nadkarni prepared and filed a First Request for Reconsideration, setting forth additional arguments and support for granting the application. *Id.* ¶¶ 7-8.

"The circuits are split as to whether 'preregistration or registration' for purposes of § 411(a) is complete when a copyright application is made (the 'application approach'), or only after the Copyright Office has acted on the application (the 'registration approach')." *Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*, 963 F. Supp. 2d 842, 848 (N.D. Ill. 2013). Persuasive authority in the Northern District of Illinois indicates that courts in this district have intended to follow the application approach rather than the registration approach. *See Chicago Board of Education v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003) ("[A]lthough a copyright no longer need be registered with the Copyright Office to be valid, an application for registration *must be filed* before the copyright can be sued upon")" (emphasis original). *See also Panoramic*, 963 F. Supp. 2d at 849-50 ("[T]here is no indication that [*Neri v. Monroe*, 726 F.3d 989, 2013 U.S. App. LEXIS 16666, 2013 WL 4046638 (7th Cir. Aug. 12, 2013)] intended to commit the Seventh Circuit to the registration approach…the court is persuaded that the application approach is correct"). "'[A]n application to register must be filed, and either granted or refused before suit can be brought.'" *Gaiman v. McFarlane*, 360 F.3d 644, 654-55 (7th Cir. 2004)).



780 Long Beach Blvd., Long Beach, NY 11561
**Phone:** 212-256-8499
**Skype/ WeChat:** AmazonSellersLawyer
www.AmazonSellersLawyer.com

Courts in this district have further previously found that 17 U.S.C. § 411(a) "allows a party to sue for infringement not only after approval of a copyright registration application, but also after a refusal of that registration application." *Goss Int'l Ams., Inc. v. A Am. Mach. & Assembly Co.*, No. 07 C 3248, 2007 U.S. Dist. LEXIS 88382, at *7 (N.D. Ill. Nov. 30, 2007). *See also MG Design Assocs. v. Costar Realty Info., Inc.*, 224 F. Supp. 3d 621, 633-34 (N.D. Ill. 2016). ("'To state a claim for copyright infringement, a plaintiff must allege…copyright registration…or the plaintiff attempted to register the work and registration was refused…'") (quoting *TriTeq Lock & Sec. LLC v. Innovative Secured Sols., LLC*, No. 10 CV 1304, 2012 U.S. Dist. LEXIS 14147, 2012 WL 394229, at *4 (N.D. Ill. Feb. 1, 2012)).

The existing precedent in this district indicates that Plaintiff should be permitted to proceed with its copyright infringement action based upon its refused copyright application, which is currently pending for reconsideration. Plaintiff diligently reviewed and filed its application with a registered intellectual property attorney and has attempted to defend its propriety work, even upon refusal by the U.S. Copyright Office and continued communication to demonstrate why the application is valid and should thus be granted. Thus, there is an existing basis for Plaintiff to bring its claim, and thus, Plaintiff respectfully requests that it's claim be permitted to move forward.

Should the Court require anything additional, please advise.

Sincerely,

*Leslie R. Gillis*

Leslie R. Gillis, Esq.