UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JTLE INVESTMENTS LLC,<br>      Plaintiff<br><br>    v.<br><br>SHENZHEN HEROFUN BIO-TECH CO., LTD.,<br>      Defendant | No. 25-cv-02061<br><br>Judge Jeremy C. Daniel |

### ORDER

On the Court's own initiative, after providing plaintiff's counsel an opportunity to show cause as to why the plaintiff's copyright claims did not violate Fed. R. Civ. P. 11(b), the Court finds that plaintiff's counsel made claims and other legal contentions not warranted by existing law, made factual contentions without evidentiary support, and failed to conduct a reasonable inquiry under the circumstances. As a sanction, the Court orders plaintiff's counsel to pay the attorneys' fees incurred by the defendant to defend against the plaintiff's frivolous copyright claims, not to exceed $1,000.

### STATEMENT

<u>Background</u>. The plaintiff filed a complaint alleging design patent infringement, false designation of origin, and violations of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"). (R. 1.) The complaint further sought a declaratory judgment that it owned its intellectual property, that the plaintiff's intellectual property was valid, and that its intellectual property did not infringe (presumably any intellectual property owned by the defendant). (*Id.*) Throughout the complaint, the plaintiff referred to its "copyright protected creative materials," and alleged that the defendant used the plaintiff's "Patent, trademarks, trade dress, and copyrights without authorization." (*Id.* at 1, 10.) The plaintiff went so far as to suggest that through the defendant's alleged use of the plaintiff's "copyrights in connection with the sale of their Infringing Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products." (*Id.* at 16.) The plaintiff also mentioned its "copyrights" in connection with its IUDTPA and declaratory judgment claims. (*Id.* at 17-18.)

The plaintiff moved for a temporary restraining order. (R. 3.) In its motion, the plaintiff did little to establish a likelihood of success on the merits. After arguing that

personal jurisdiction exists and setting forth what one must establish to obtain a temporary restraining order, the plaintiff jumped past its likelihood of success on the merits and began discussing whether there was an adequate remedy at law. (*Id.* at 8-11.) At the March 6, 2025, hearing on the plaintiff's motion, the Court asked the plaintiff whether either trademark or copyright served as a basis for the motion. The plaintiff told the Court that copyright infringement was a basis for the motion, as well as design patent infringement. The plaintiff further explained that the defendant copied information from the plaintiff's videos and used the plaintiff's copyrighted materials, to include a color guide and animated videos. The plaintiff specifically referred to paragraph 12 of a declaration submitted in support of its motion, which identified a color guide, an animation video, and a "pressure test video" as part of the defendant's copying of "basically everything to do with our marketing& design of our product, which is our original creation, materials, assets, designs, and more." (R. 3-2 at 3.) After discussion on the types of alleged copyright infringement, the Court asked the plaintiff whether the plaintiff's copyright claim stemmed from the defendant's alleged use of videos and images created by the plaintiff in connection with the defendant's sales of its own products. The plaintiff responded, "yes."

During this discussion on copyright, the defendant raised 17 U.S.C. § 411, which states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." The Court then asked plaintiff's counsel whether the plaintiff had registered any of the materials underlying the plaintiff's copyright claims. Plaintiff's counsel responded that she would have to "review that." This concerned the Court, as Rule 11 requires "an inquiry reasonable under the circumstances" prior to "signing, filing, submitting, or later advocating" a pleading. Fed. R. Civ. P. 11(b). Given § 411, it seems obvious that a lawyer would inquire as to whether "preregistration or registration of the copyright claim has been made" before asserting or arguing copyright infringement claims.

Given its concerns, the Court issued a rule to show cause concerning the plaintiff's copyright claims. Specifically, the Court instructed the plaintiff to: (1) identify whether any of the asserted copyrights had been registered or explain how the asserted copyright claims comport with Rule 11; (2) explain how the plaintiff's copyrighted material gives rise to a claim under the Lanham Act; and (3) with respect to the plaintiff's video-based copyright claims, to identify what the plaintiff alleges that the defendant copied and, if no more than the methods or ideas behind the video (as opposed to the video itself), how that supports a copyright infringement claim. (R. 10 at 2-3.)

At the rule to show cause hearing, plaintiff's counsel reported that the plaintiff has a pending registration with the copyright office. The pending registration is related to the plaintiff's color guide, which one uses to hang the plaintiff's product. Plaintiff's counsel further explained that, because both the plaintiff and the defendant include a mounting guide with their respective products, the use of the plaintiff's purportedly

2

copyright-protected color guide creates a likelihood of confusion. While plaintiff's counsel referenced "other cases where the marketing materials and advertising, if they are so similar, have given rise to causes of action" under the Lanham Act, she did not provide any case citations to that effect. The Court allowed plaintiff's counsel until March 27, 2025, to supplement her arguments.

The supplemental filing identified an August 2024 copyright application filed by the plaintiff for a "Hang Smart Color Guide." (R. 17 at 1.) Plaintiff's counsel reports that the U.S. Copyright Office refused that registration on January 3, 2025, and that the plaintiff filed a request for reconsideration on March 10, 2025. (*Id.*; R. 16-1 at 1.) Plaintiff's counsel argued that "circuits are split as to whether 'preregistration or registration' for purposes of § 411(a) is complete when a copyright application is made (the 'application approach'), or only after the Copyright Office has acted on the application (the 'registration approach')." (R. 17 at 1 (citation omitted).) Plaintiff's counsel further argued that the plaintiff's copyright claims are appropriate because of the refused copyright registration.

<u>Findings</u>. The Court finds that plaintiff's counsel has made claims and other legal contentions not warranted by existing law. The Court further finds that plaintiff's counsel has made factual contentions without evidentiary support. The Court further finds that plaintiff's counsel failed to conduct a reasonable inquiry under the circumstances prior to filing its complaint (R. 1), motion for a temporary restraining order (R. 4), and supplemental letter memorandum of law (R. 17).

Under 17 U.S.C. § 411(a), generally, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." However, "where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights." 17 U.S.C. § 411(a). There is no indication in this case that the plaintiff provided notice of this civil action to the Register of Copyrights, which dooms plaintiff's counsel's contention that the refused copyright registration clears the way for the plaintiff to assert copyright claims in this case. Setting aside any effect the plaintiff's request for reconsideration may have on the operation of this exception, the plaintiff has not complied with the statute's notice to the Register of Copyrights requirement. This means that, contrary to the plaintiff's contention, which the Court suspects is an attempt to backfill glaring deficiencies in plaintiff's counsel's approach to this case, the plaintiff's copyright claims are not properly before the Court.

More troubling is plaintiff's counsel's contention that there is a circuit split concerning whether the "application approach" or the "registration approach" applies to § 411(a). The Supreme Court resolved any circuit split in 2019 when it explicitly chose the registration approach over the application approach. *Fourth Est. Pub.*

3

*Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 297 (2019) ("Fourth Estate advances the 'application approach' to this provision, arguing that registration occurs when a copyright owner submits a proper application for registration. Wall-Street advocates the 'registration approach,' urging that registration occurs only when the Copyright Office grants registration of a copyright. The registration approach reflects the only satisfactory reading of § 411(a)'s text."). The Court cited *Fourth Estate* in its rule to show cause order (R. 10 at 2), which means plaintiff's counsel cannot claim that they did not know about a Supreme Court that directly contradicts plaintiff's counsel's argument. This legal argument is frivolous and violates Rule 11(b)(2).

Importantly, the refused registration applies only to the plaintiff's color guide. Thus, even if the plaintiff could pursue copyright claims related to the color guide, plaintiff's counsel has still advanced frivolous copyright claims. Plaintiff's counsel argued that the defendant's alleged copyright infringement included several videos used by the defendant. Plaintiff's counsel has made no attempt to substantiate those claims beyond noting in a supplemental filing that one or more of the defendant's videos may have included a copy of the plaintiff's color guide. This is far narrower than what plaintiff's counsel argued at the motion hearing, and plaintiff's counsel has not otherwise responded to the Court's order to show cause concerning what the defendant allegedly copied in its videos and, if no more than the methods or ideas behind the video (as opposed to the video itself), how that supports a copyright infringement claim. Therefore, the Court finds that plaintiff's counsel has made factual contentions without evidentiary support. In other words, this factual argument is frivolous and violates Rule 11(b)(3).

While the Court questions the plaintiff's attempts to conflate copyright and trademark law, plaintiff's counsel's arguments in this regard are not as frivolous as its position of § 411(a). In its complaint, the plaintiff claims that "[b]y using the Hang Smart Patent, trademarks, trade dress, or copyrights in connection with the sale of their Infringing Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products." (R. 16 at 16.) Plaintiff's counsel expanded on this claim at argument, stating that, "we believe that the activities, the marketing materials, the product itself, the color guide, all lead to confusion, because the defendant, as you can see from the exhibits, is offering something so similar, including the packaging, the marketing, advertising, everything is so similar that it is leading to the confusion and leading to the inability to maybe determine what the source is." A generous view of the plaintiff's position is that the color guide, in which the plaintiff claims copyright protection, also serves as a source identifier that supports the plaintiff's Lanham Act claims. Presumably, the plaintiff has evidence to support that contention. And while plaintiff's counsel claimed to have seen cases that support this contention, they have not provided those cases to the Court.

In addition to the frivolous legal and factual positions, the Court must address plaintiff's counsel's failure to conduct a reasonable investigation prior to filing and

4

arguing for the plaintiff's copyright claims. Plaintiff's counsel sought to continue the initial rule to show cause hearing. (R. 13.) According to plaintiff's counsel, the plaintiff was "diligently preparing all evidence as is required in the Court's Order . . . but needs a bit more time as they are gathering information from their IP attorneys." (*Id.*) This is consistent with plaintiff's counsel's need to work backwards in this case. In other words, plaintiff's counsel has repeatedly made assertions in this case and, once challenged, has needed to go back and confirm whether the law or the evidence supported those assertions. That was obvious at the March 6th hearing when plaintiff's counsel could not answer whether any of the asserted copyrights had been registered. It seems that a reasonable question before bringing any claim is "whether I can bring this claim." The same is true of plaintiff's counsel's attempt to invoke the refused registration exception. Here, plaintiff's counsel referred to the refusal of registration exception but has not checked to see if the plaintiff has done what was necessary to invoke that exception. The Court is convinced that plaintiff's counsel failed on several occasions to conduct an inquiry reasonable under the circumstances before filing or advocating a position.

Sanction. Based on plaintiff's counsel's violations of Rule 11(b)(2) and (3), the Court hereby imposes a sanction under Rule 11(c)(4): plaintiff's counsel shall pay the attorneys' fees incurred by the defendant to defend against the plaintiff's frivolous copyright claims, not to exceed $1,000. The parties shall confer on the defendant's attorney's fees and file a motion as to any disputes. Plaintiff's counsel must make any payment on or before April 30, 2025. Further, the Court cautions the plaintiff that further violations of Rule 11 may result in dismissal of the case.

Date: April 10, 2025

JEREMY C. DANIEL
United States District Judge